UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Zaquann Ernest Hampton, ) | Case No. 2:25-cv-00165-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Colleton County Sheriff ) | |
| Office/Department; and, Buford C. ) | |
| McDowell, *Officer*, *shield number 500139*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Zaquann Ernest Hampton ("Plaintiff"), a state detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.). Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. While the undersigned has authorized service of process with respect to Defendant Buford C. McDowell, Plaintiff's allegations against the Colleton County Sheriff's Office (the "Sheriff's Office") must be summarily dismissed.

**BACKGROUND**

The Complaint brings 42 U.S.C. § 1983 claims against the Colleton County Sheriff's Department and Officer Buford C. McDowell based on alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. (Dkt. No. 1 at 3–4, 6–9.) More specifically, Plaintiff claims that he was "arrested with no probable cause and without due process." (*Id*. at 6.) Plaintiff claims that Defendants obtained and executed search warrants in an effort to locate a stolen handgun but did so after they were informed by another law enforcement agency that the stolen handgun at issue had been found in New Jersey. (*Id*.) Accordingly, Plaintiff

claims that Defendants obtained and executed warrants that were not supported by "creditable probable cause." (*Id*. at 7.) Plaintiff claims that Defendants located a "bag with green like substance" when executing one such warrant, which led to Plaintiff's subsequent arrest. (*Id*. at 8.) Because Plaintiff believes Defendants lacked probable cause for the search warrant(s), he claims that Defendants violated his Fourth Amendment rights and therefore brings a claim for malicious prosecution. (*Id*. at 7–8.)

According to the Complaint, Plaintiff was "seized and deprived of his liberty from []January 3, 2024 to March 21, 2024," and the criminal proceedings against him terminated in his favor when all charges were dropped in August 2024. (*Id*. at 7, 9.)

Based on the foregoing, Plaintiff requests relief in the form of "1 million dollar[s] a day for a sum of 78 days which totals [$]78,000,000.00." (*Id*. at 10.)

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

     As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

     *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8,

Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

At issue here, Plaintiff named the Colleton County Sheriff's Office as a defendant in this action. (Dkt. No. 1 at 2.) Courts have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" for purposes of § 1983. *Norris v. Darlington Sheriff's Off.*, No. 1:20-cv-246-DCC-SVH, 2020 WL 473511, at *2–3 (D.S.C. Jan. 28, 2020). Similarly, "entire departments" or "groups of people" are not amenable to suit under § 1983. *See Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1

(D.S.C. May 30, 2017); *Graham v. Trinity Food Serv.*, No. 7:23-cv-62, 2023 WL 5019536, at *2 (W.D. Va. Aug. 7, 2023). Accordingly, the Sheriff's Office is not considered a "person" under § 1983, regardless of whether Plaintiff refers to the "physical building" or the "staff and collection of officials" it houses. *Capers v. Hernandez*, No. 9:23-cv-6821-BHH-MGB, 2024 WL 1363816, at *4 (D.S.C. Feb. 9, 2024), *adopted*, 2024 WL 1349260 (D.S.C. Mar. 29, 2024); *see also Ford v. South Carolina*, No. 8:23-cv-4892-DCC-JDA, 2023 WL 11195401, at *4 (D.S.C. Dec. 4, 2023), *adopted*, 2024 WL 1805872 (D.S.C. Apr. 25, 2024). Plaintiff's claims against the Sheriff's Office are therefore subject to summary dismissal.

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies in his claims against the Colleton County Sheriff's Office. The undersigned therefore **RECOMMENDS** that the Court summarily **DISMISS** the Colleton County Sheriff's Office as a defendant in this civil action, with prejudice and without granting Plaintiff leave to amend the Complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). In light of the foregoing and pursuant to the Order filed contemporaneously herewith, the undersigned has authorized service of process with respect to Defendant McDowell **only**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 2, 2025
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).