IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Zaquann Ernest Hampton,<br><br>   Plaintiff,<br> v.<br><br>Colleton County Sheriff Office/ Department and Buford C. McDowell,<br><br>   Defendants. | Case No. 2:25-cv-165-RMG<br><br>**ORDER** |

  This matter is before the Court on the Report and Recommendation ("R &R") of the Magistrate Judge, recommending that Plaintiff's § 1983 claim against the Colleton County Sheriff Office be summarily dismissed because a sheriff's office is not a "person" under 42 U.S.C. § 1983. (Dkt. No. 11). Consequently, the Magistrate Judge authorized service of process only for Defendant McDowell. The parties were advised that they had the right to file objections to the R & R within 14 days of the date of service of the R & R, and a failure to timely file objections would result in only clear error review by the District Court and a waiver of the right to appeal the District Court's order. (*Id*. at 6). No party filed objections to the R & R.

**I. Legal Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Discussion

The Magistrate Judge correctly found that Defendant Colleton County Sheriff Office was not a proper party defendant in a § 1983 action. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 11) as the order of the Court. Defendant Colleton County Sheriff Office is dismissed as a party to this action. The case will proceed against Defendant McDowell.

**AND IT IS SO ORDERED.**

_s/Richard M. Gergel_
Richard Mark Gergel
United States District Judge

May 23, 2025
Charleston, South Carolina